IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| SHANNON D. WILLIAMS,<br><br>                              Plaintiff<br>      VS.<br><br>LINFRED L. DAVIS, PROBATION OFFICER.,<br><br>                             Defendant | NO. 5:09-CV-149 (CAR)<br><br><br>PROCEEDINGS UNDER 42 U.S.C. §1983<br>BEFORE THE U. S. MAGISTRATE JUDGE |

## RECOMMENDATION OF DISMISSAL

Before the court is defendant PROBATION OFFICER Linfred L. Davis' motion seeking dismissal of the above-captioned 42 U.S.C. §1983 action. Tab #8. Plaintiff Shannon D. Williams was ordered to file (Tab #10) and has filed a response (Tab #12) to the motion. Defendant Davis has replied to the plaintiff's response. Tab #13.

**FACTUAL AND PROCEDURAL BACKGROUND**

On or about October 21, 2008, plaintiff Williams, a state probationer, was arrested by a Macon, Georgia police officer and subsequently charged with possession of a firearm by a convicted felon and possession of marijuana. On February 19, 2009, plaintiff was indicted by a federal grand jury on similar federal charges; a federal arrest warrant for plaintiff Williams was issued the same date. On February 27, 2009, while out on bond on the state charges, plaintiff was arrested by a deputy of the U.S. Marshal Service. On March 4, 2009, the plaintiff, then represented by counsel, was brought before the undersigned for a bond hearing. At this hearing, bond was set in the amount of fifteen-thousand-dollars ($15,000), to be secured by ten-percent (10%).

On March 9, 2009, defendant Davis, plaintiff's state probation officer, submitted a petition to the Superior Court in Bibb County, Georgia seeking to revoke plaintiff's state probation on the basis of the new charges. On March 10, 2009, the Superior Court Judge signed the petition and ordered plaintiff Williams to "show cause, *when notified*, why probation should not be revoked." The petition/order was personally served upon the plaintiff on March 13, 2009.

On April 21, 2009, while still in custody as a pretrial detainee on the federal charges, plaintiff Williams filed this action. Therein, he alleges that defendant Davis violated his "due process rights" by (1) filing an insufficient petition for revocation, and (2) failing to bring him to court to show cause why his probation should not be revoked. Plaintiff Williams seeks fifty-thousand-dollars ($50,000) in damages.

## LEGAL STANDARDS

A complaint is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6), if it does not "state a claim upon which relief can be granted." When ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), all factual allegations in the complaint must be accepted as true, with all reasonable inferences construed in the light most favorable to the plaintiff. *Wagner v. Daewoo Heavy Industries America Corp.*, 289 F.3d 1268, 1270 (11th Cir. 2002), *vacated on other grounds*, 298 F.3d 1228 (11th Cir. 2002); *See also*, *Beck v. Deloitte & Touche*, 144 F. 3d 732, 735 (11th Cir. 1988). Conclusory allegations and unwarranted deductions of fact, however, are not admitted as true. *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005). Moreover, "[a] complaint is subject to dismissal under Rule 12(b)(6) when its allegations – on their face – show that an affirmative defense bars recovery on the claim." *Marsh v. Butler County, Alabama*, 268 F. 3d 1014, 1022 (11th Cir. 2001) (*en banc*) (citing *Quiller v. Barclays American/Credit, Inc.*, 727 F. 2d 1067, 1069 (11th Cir. 1984) *vacated on petition for rehearing*, *reinstated by* 764 F. 2d 1400 (11th Cir. 1985)).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution of the United States. See *Wideman v. Shallowford Community Hosp., Inc*., 826 F.2d 1030, 1032 (11 Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

**DISCUSSION**

Plaintiff's first allegation is that the defendant violated his right of due process by filing an *insufficient* petition seeking to revoke his probation. Plaintiff does not, however, provide any detail as to the nature of the alleged insufficiency nor does he show how it resulted in a constitutionally cognizable injury. For this reason, this allegation by the plaintiff fails to state a claim and should be dismissed.

Plaintiff Williams' second claim is that defendant Davis violated his rights by failing to promptly deliver him to court for a state probation revocation hearing. The impetus of this allegation is the plaintiff's inferred, but unarticulated, belief that if he had been promptly afforded a state probation revocation hearing, his time in custody would have been curtailed. Whether or not this belief is accurate is not relevant to the instant analysis because plaintiff's incarceration during the period of time relevant to the instant action stemmed from his *federal* criminal charges— not any action or inaction of the part of the defendant [state] probation officer.

This conclusion is based upon the fact that plaintiff Williams made no attempt to post bond and/or meet the other terms and conditions set out in the undersigned's order setting conditions of pretrial release in the plaintiff's federal criminal case. Now while the plaintiff contends that the reason he did not post bond on the federal charges was because the defendant told him he could not, defendant Davis clearly lacked the authority to prevent him from doing so.[1] In any event, because the plaintiff failed, for whatever reason, to even attempt to satisfy the terms and conditions of the aforementioned order, his continued incarceration occurred under federal authority. Consequently, any procedural failure on the part of defendant Davis is moot for purposes of this action. Accordingly, the plaintiff's allegation that defendant Davis violated his rights by failing to promptly bring him before a court for a state probation revocation hearing fails to state a constitutional claim.

---

[1] The more likely scenario is that defendant Davis explained to the plaintiff his intention to file a petition to revoke the petitioner's state probation. Defendant Davis may also have explained that such an action could result in the plaintiff's being held in custody at least until the state court held a revocation hearing. When faced with the prospect of posting bond on the federal charges only to be kept in custody by the state at least until a state probation revocation hearing could be convened, coupled with the plaintiff's own assumptions of the potential outcome of a revocation hearing, it is more likely than not that plaintiff Williams surmised that posting bond on the federal charges would not be worthwhile.

For the foregoing reasons, the undersigned **RECOMMENDS** that the defendant's motion be **GRANTED** and that this action be **DISMISSED**.  Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

The Clerk is directed to serve plaintiff Williams at the LAST ADDRESS provided by him.

**SO RECOMMENDED**, this 31st day of DECEMBER, 2009.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE